## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Reed Timmer,<br><br>                Plaintiff,<br><br>      v.<br><br>Shamrock Hills LLC,<br><br>              Defendant. | Case No: |

## COMPLAINT

Plaintiff Reed Timmer ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Shamrock Hills LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*

2.      Plaintiff created a video of tornado drone footage showing a Kansas town get ripped apart (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Defendant owns and operates a social media account on Instagram named as @shamrockroofers (the "*Account*").

4.      Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.      Plaintiff Reed Timmer is an individual who is a citizen of the State of Colorado and maintains a principal place of business in Jefferson County, Colorado.

6.      Upon information and belief, Defendant Shamrock Hills LLC, is a Kansas Limited Liability Company with a principal place of business at 6541 Donahoo Road, Kansas City in

1

Wyandotte County, Kansas.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Kansas.

9.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.     **Plaintiff's Copyright Ownership**

10.     Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11.     Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13.     Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14.     On April 29, 2022, Plaintiff first published the Video.  A copy of the Video is attached hereto as Exhibit 1.

15.     In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

16.     On June 3, 2022, the Video was registered by USCO under Registration No. PA 2-360-287.

17.     Plaintiff created the Video with the intention of it being used commercially and for

2

the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

18.    Defendant is the owner of the Account and is responsible for its content.

19.    The Account is a part of and used to advance Defendant's commercial enterprise.

20.    The Account is monetized in that it promotes Defendant's roofing business and contracting services and, upon information and belief, Defendant profits from these activities.

21.    On or about June 4, 2022, Defendant displayed the Video on the Account as part of a post at URL https://www.instagram.com/tv/CeW0HrRJSJ8/?fbclid=IwAR3CEeGle4s93kzMo2ceoCyRxAigc vhqu01YDfD31Rv7INf4fxi5f6lwSiw. A copy of a screengrab of the Account including the Video is attached hereto as Exhibit 2.

22.    The Video was stored at URL: https://www.instagram.com/tv/CeW0HrRJSJ8/?utm_source=ig_web_copy_link.

23.    Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video on the Account.

24.    Plaintiff first observed and actually discovered the Infringement on September 16, 2022.

25.    Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

26.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

27.    The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

28.    Upon information and belief, Defendant takes an active and pervasive role in the

content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

29.    Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

30.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

31.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

32.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

33.    Upon information and belief, Defendant monitors the content on its Account.

34.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

35.    Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

36.    Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

37.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38.    Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

39.    Defendant's use of the Video harmed the actual market for the Video.

40.     Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

41.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

44.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

45.     Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

46.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

47.     Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

48.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account.

49.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement

pursuant to 17 U.S.C. § 504(c).

50.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

51.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

52.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: July 15, 2025

SANDERS LAW GROUP

By: ___/s/ Craig Sanders___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126856
*Attorneys for Plaintiff – PHV Pending*

HAMILTON LAW FIRM

By: ___/s Patrick Hamilton___
Patrick A. Hamilton
8700 Monrovia
Suite 310
Lenexa, KS 66215
Tel: (913) 647-7512
Email: patrick@lenexalaw.com
*Attorney for Plaintiff – Local Counsel*