UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **REED TIMMER,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SHAMROCK HILLS, LLC,**<br><br>       **Defendant.** | Case No.: 2:25-cv-02388 |

## ANSWER

Defendant, Shamrock Hills, LLC ("Shamrock"), in answer to the Complaint of Plaintiff, Reed Timmer ("Timmer"), states and alleges as follows:

### INTRODUCTION

1. Shamrock admits the allegations in Paragraph 1 of the Complaint.

2. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. Shamrock admits the allegations in Paragraph 3 of the Complaint.

4. Shamrock denies the allegations in Paragraph 4 of the Complaint.

### PARTIES

5. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Shamrock denies the allegations in Paragraph 6 of the Complaint.

### JURISDICTION AND VENUE

7. Shamrock admits the allegations in Paragraph 7 of the Complaint.

8. Shamrock admits the allegations in Paragraph 8 of the Complaint.

9. Shamrock admits the allegations in Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies same.

11. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies same.

12. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies same.

B. **Defendant's Infringing Activity**

18. Shamrock admits that it is the owner of the Account, but denies the remaining allegations in Paragraph 18 of the Complaint.

19. Shamrock admits the allegations in Paragraph 19 of the Complaint.

20. Shamrock denies the allegations in Paragraph 20 of the Complaint.

21. Shamrock denies the allegations in Paragraph 21 of the Complaint.

22. Shamrock is without sufficient information to admit or deny the allegations of Paragraph 22 of the Complaint and therefore denies the same.

23. Shamrock denies the allegations in Paragraph 23 of the Complaint.

24. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies same

25. Shamrock denies the allegations in Paragraph 25 of the Complaint.

26. Shamrock denies the allegations in Paragraph 26 of the Complaint.

27. Shamrock denies the allegations in Paragraph 27 of the Complaint.

28. Shamrock denies the allegations in Paragraph 28 of the Complaint.

29. Shamrock denies the allegations in Paragraph 29 of the Complaint.

30. Shamrock denies the allegations in Paragraph 30 of the Complaint.

31. Shamrock denies the allegations in Paragraph 31 of the Complaint.

32. Shamrock admits that it has the legal right and ability to control and limit activities on its account but denies the remaining allegations in Paragraph 32 of the Complaint.

33. Shamrock admits that it can monitor the content on its account but denies the remaining allegations in Paragraph 33 of the Complaint.

34. Shamrock denies the allegations in Paragraph 34 of the Complaint.

35. Shamrock denies the allegations in Paragraph 35 of the Complaint.

36. Shamrock denies the allegations in Paragraph 36 of the Complaint.

37. Shamrock denies the allegations in Paragraph 37 of the Complaint.

38. Shamrock denies the allegations in Paragraph 38 of the Complaint.

39. Shamrock denies the allegations in Paragraph 39 of the Complaint.

40. Shamrock denies the allegations in Paragraph 40 of the Complaint.

41. Shamrock denies the allegations in Paragraph 41 of the Complaint.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Shamrock incorporates its responses to the foregoing paragraphs as if fully set forth herein in response to Paragraph 42.

43. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 43 of the Complaint and therefore denies same.

44. Shamrock is without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies same.

45. Shamrock admits the allegations in Paragraph 45 of the Complaint.

46. Shamrock denies the allegations in Paragraph 46 of the Complaint.

47. Shamrock denies the allegations in Paragraph 47 of the Complaint.

48. Shamrock denies the allegations in Paragraph 48 of the Complaint.

49. Shamrock denies the allegations in Paragraph 49 of the Complaint.

50. Shamrock denies the allegations in paragraph 50 of the Complaint.

51. Shamrock denies the allegations in Paragraph 51 of the Complaint.

## UNANSWERED ALLEGATIONS

Each and every allegation contained in the Complaint which is not specifically admitted herein is generally denied.

## ADDITIONAL DEFENSES

52. Plaintiff's Compliant fails to state a claim upon which relief may be granted.

53. Plaintiff's Complaint is barred by the doctrine of laches.

54. Plaintiff's Complaint is barred by the doctrine of unclean hands.

55. Plaintiff's Complaint is barred by the Fair Use Doctrine pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

56. Plaintiff's Complaint is barred by the doctrine of equitable estoppel.

57. Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

58. Plaintiff has engaged in one or more acts that have misused its copyright including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendant reserves the right to assert one or more antitrust-related claims.

59. Plaintiff has waived its right to claim copyright infringement.

60. Plaintiff has abandoned or forfeited its copyright.

61. Plaintiff has acquiesced in any alleged copyright infringement.

62. The action is barred by Section 117 limitations of exclusive rights.

63. Plaintiff's material was posted to Defendant's account by a third party.

WHEREFORE, Defendant, Shamrock Hills, LLC, by counsel, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Reed Timmer, dismissing his Complaint with prejudice, for an award of attorney fees and costs, and for such other, further and different relief as the Court deems just and equitable.

DATED: August 27, 2025                                  Respectfully submitted,

/s/Anne M. Marchael
Anne M. Marchael, KS# 26565
BUSINESS LAW ADVISORS, LLC
8700 Monrovia St., Suite 310
Lenexa, KS 66215
(913) 647-7522
anne@phbusinesslaw.com

and

Andreanna Smith, *pro hac vice application forthcoming*
Voegele Anson Law, LLC
3516 N. 163rd Plaza
Omaha, NE 68116
(531) 999-1857
hvoegele@v-alaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 27, 2025, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF, which sent notice of its filing to the following:

| | |
|---|---|
| Craig Sanders, Esq.<br>Sanders Law Group<br>333 Earle Ovington Blvd, Suite 402<br>Uniondale, NY 11553<br>(516) 203-7600<br>csanders@sanderslaw.group | Patrick A. Hamilton<br>Hamilton Law Firm<br>8700 Monrovia St., Suite 310<br>Lenexa, KS 66215<br>(913) 647-7512<br>patrick@lenexalaw.com |

*Attorneys for Plaintiff*

/s/Anne M. Marchael