UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Reed Timmer,<br><br>    Plaintiff,<br><br>  v.<br><br>Shamrock Hills LLC,<br><br>    Defendant. | Case No: 2:25-cv-02388-KHV-GEB |

**MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Reed Timmer, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), moves this Honorable Court for entry of an Order granting Plaintiff leave to file a First Amended Complaint.

**SPECIFIC RELIEF SOUGHT**

Plaintiff requests that the Court enter an Order granting Plaintiff leave to file his First Amended Complaint, a redline copy of which is attached hereto as Exhibit 1 and a clean copy is attached as Exhibit 2, against Shamrock Hills LLC ("*Defendant*") so that this Honorable Court may adjudicate all claims existing between the parties. Plaintiff has been making inquiry with Defendant's counsel since January 15, 2026, regarding Defendant consenting to the filing of Plaintiff's proposed amended pleading, however, as of the date of this submission, Plaintiff has not received any response as to Defendant's position despite various communicative efforts regarding same.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

1.  Plaintiff commenced the instant action upon the filing of a Complaint with this

Court (the "*Complaint*") on July 18, 2025. *Dkt. No. 1*.

2. On August 27, 2025, Defendant submitted its Answer to Plaintiff's Complaint. *Dkt. No. 11*.

3. On October 15, 2025, the Court issued its Scheduling Order providing, *inter alia*, a November 11, 2025, deadline in which to file any motion to amend the pleadings. *Dkt. No. 16*.

4. Thereafter, on October 17, 2025, Plaintiff served Defendant with its first set of discovery demands which included Plaintiff's First Request for Production, First Set of Interrogatories, and First Set of Requests for Admission (collectively "*Discovery Demands*").

5. Defendant served its responses to the Discovery Demands on December 5, 2025[1], wherein Defendant asserted that a social media contractor was responsible for the display of Plaintiff's content on Defendant's social media account as identified in Plaintiff's Complaint.

## ARGUMENT

6. Plaintiff seeks leave to amend the operative Complaint to add a claim of vicarious infringement as to Defendant and further amplify the factual allegations in Plaintiff's operative pleading. *See Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023) (Vicarious liability attaches when the secondary infringer has an obvious and direct financial interest in the exploitation of copyrighted materials and the right and ability to supervise the direct infringer) (*internal quotations omitted*).

7. Rule 15(a) provides that leave to amend shall be freely given when justice so requires. *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (*internal quotations omitted*).

---

[1] Defendant's responses were originally due on November 17, 2025. On November 14, 2025, Defendant requested a one-week extension of time to serve its responses till November 24, 2025, to which Plaintiff consented. Thereafter, on November 21, 2025, Defendant requested a second one-week of extension of time to serve its responses till December 1, 2025, to which Plaintiff consented. Finally, on November 24, 2025, Defendant requested a third extension to serve its responses till December 5, 2025, to which Plaintiff consented.

8.     Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Id*.

9.     Plaintiff submits that its proposed amended pleading is not futile insofar as it alleges a valid claim for direct copyright infringement and secondary liability (vicarious infringement) as to Defendant. *See Creech v. P.J. Wichita, L.L.C.*, No. 16-2312-JAR-GEB, 2016 WL 4702376, at *2 (D. Kan. Sept. 8, 2016) (A proposed amendment is futile if the complaint, as amended, would be subject to dismissal) (*internal quotations omitted*).

10.    The is no evidence in the record (nor does any exist) as to bad faith or a dilatory motive on the part of Plaintiff as the amended pleading is predicated on information adduced from discovery that was only recently obtained after this Court's deadline for amended pleadings had elapsed.

11.    Defendant will not be subject to any prejudice (undue or otherwise) from the submission of an amended pleading as the factual underpinnings of the case remain the same and Defendant has not yet served discovery.  See *Roberts v. TransAm Trucking, Inc., 341 F.R.D. 689, 693 (D. Kan. 2022)* (Courts normally only find prejudice when the amendment unfairly affects the defendants, in terms of preparing their defense to the amendment) (*internal quotations omitted*).

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to file a First Amended Complaint, the draft of which is annexed hereto, so that the Court may adjudicate all claims between the parties.

DATED: February 10, 2026

**SANDERS LAW GROUP**

By: */s/ Craig Sanders*
Craig Sanders, Esq. (*Pro Hac Vice*)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126856
*Attorneys for Plaintiff*

**HAMILTON LAW FIRM**

By: */s Patrick Hamilton*
Patrick A. Hamilton
8700 Monrovia
Suite 310
Lenexa, KS 66215
Tel: (913) 647-7512
Email: patrick@lenexalaw.com
*Attorney for Plaintiff – Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, I caused to be served, via ECF, a copy of Plaintiff's Motion for Leave to File First Amended Complaint upon Defendant's counsel as follows:

Heather Voegele, Esq.
VOEGELE ANSON LAW, LLC
3516 N. 163rd Plaza
Omaha, NE 68116
Telephone: (531) 999-1857
E-mail: hvoegele@v-alaw.com

Anne M. Marchael, Esq.
BUSINESS LAW ADVISORS, LLC
8700 Monrovia St., Suite 310
Lenexa, KS 66215
Telephone: (913) 647-7522
E-mail: anne@phbusinesslaw.com

                                       */s/ Craig Sanders*
                                       Craig Sanders, Esq.